UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  0:23-cv-61008-LEIBOWITZ

RE:    JDi DATA CORPORATION,

    *Appellant,*

v.

UNITED STATES TRUSTEE, et al.,

    *Appellee.*

_____/

**ORDER**

**THIS CAUSE** is before the Court on appeal from the Bankruptcy Court's Order denying Chapter 11 debtor-in-possession's application for employment of professionals pursuant to 11 U.S.C. § 327(a).  The appeal is fully briefed [*see* ECF Nos. 20, 24, 28], and the matter is ripe for resolution.  That said, the United States Trustee ("Trustee") maintains that the appeal is now moot because JDi Data Corporation's ("JDi") Chapter 11 proceedings have been converted to a Chapter 7 liquidation.  [*See* ECF Nos. 29, 33].  JDi disagrees that conversion to Chapter 7 moots this appeal.  [ECF No. 38].  Consequently, the Court will address the mootness question before tackling the merits.

    **I.**    **STATEMENT OF THE CASE**

In a nutshell, this case involves an alleged Ponzi scheme that ended in bankruptcy.  By way of background, on February 17, 2023, JDi sought Chapter 11 protection [*see* ECF No. 24-1 at 6] after one of its creditors filed suit against it in federal district court.  *See Pultegroup, Inc. v. JDi Data Corp., et al.*, No. 0:23-cv-60105-FAM (S.D. Fla.).  In that lawsuit, Plaintiff alleged that JDi ran a Ponzi scheme whereby it raided trust accounts to pay operating and other unauthorized expenses.  [Compl. & Notice of Bankr. Case, ECF No. 1 at 1–2; ECF No. 12, *Pultegroup, Inc.*, No. 0:23-cv-60105-FAM].  At the commencement of Chapter 11 proceedings, JDi served as a debtor-in-possession ("DIP") under 11

U.S.C. § 1101(1). "A Chapter 11 debtor-in-possession has the same powers as a trustee[.]" *In re Cullinan*, 647 B.R. 788, 792 (Bankr. N.D. Ga. 2022) (citing 11 U.S.C. § 1107(a)). One of the powers of a bankruptcy trustee that a DIP possesses is the right to apply for the bankruptcy court's permission to employ professionals to work on behalf of and be compensated from the bankruptcy estate. *See* 11 U.S.C. §§ 327(a), 330(a)(1); *In re S. Value Homes, Inc.*, No. 03-81907, 2008 WL 7874264, at *1 (Bankr. N.D. Ga. July 29, 2008).

As DIP, JDi applied for court permission to employ John Moffa, Esq., and his law firm as legal counsel, John Heller as Chief Reorganization Officer, and Marcum LLP as accountants for the estate. [*See* ECF No. 24-1 at 21–24, 25–31]. On April 5, 2023, the Bankruptcy Court held a hearing on JDi's retention applications. [*See* ECF No. 15]. During the hearing, counsel for creditor, Pultegroup, Inc. ("Pulte"), objected to Mr. Moffa's retention specifically, citing ethical questions related to Mr. Moffa's pre-bankruptcy representation of JDi. [*Id.* at 14]. Counsel for Pulte complained that, rather than withdraw from the representation as required by Florida's ethics rules, Mr. Moffa continued to represent JDi after he learned JDi was engaged in a Ponzi scheme.[1] [*Id.* at 14, 24]. Counsel for Pulte further alleged that another applicant, Mr. Heller, also knew that JDi was "stealing client funds," even though Heller was not retained by JDi until the day before it filed for bankruptcy. [ECF No. 15].

Thereafter, the Bankruptcy Court engaged in an extensive colloquy with Mr. Moffa about his pre-petition representation of JDi. [*Id.* at 27–31]. The Court explored Mr. Moffa's pre-petition knowledge of JDi's Ponzi scheme and asked him twice why he had not withdrawn from representing JDi when he knew it was engaged in fraud. [*Id.*]. After hearing from all of the parties, including Mr. Moffa at length, the Bankruptcy Court denied JDi's applications and appointed a Chapter 11 Trustee,

---

[1] Rule 4-1.6(a)(4) of the Rules Regulating the Florida Bar requires counsel to withdraw when it learns that its representation is in furtherance of a crime or fraud.

2

ruling: "I take 1104 very seriously, and it is a high standard for me, but from what I have heard today, I cannot approve Mr. Moffa's retention, the debtor cannot proceed without counsel, and I am denying his retention application … and I'm ordering the appointment of a Chapter 11 Trustee." [*Id.* at 31, ll. 6–12].

So, as a debtor *out*-of-possession, JDi subsequently moved for reconsideration. [ECF No. 16 at 27]. The Bankruptcy Court held a hearing on JDI's motion to reconsider on May 10, 2023. [*Id.*]. The Court began the May 10 hearing by noting that the movant "failed to cite any applicable statute, case law or rule of procedure for the relief requested' in violation of Federal Rule of Bankruptcy Procedure 9013, stating that failure alone required the motions' denial. [*Id.* at 28, ll. 9–14]. Nevertheless, the Court went on to analyze the motion to reconsider the denial of JDi's retention applications and the appointment of a Chapter 11 Trustee under the Rules and concluded that the motions did not satisfy the requirements for granting reconsideration. [*Id.* at 30, ll. 18–19]. The Bankruptcy Court thus denied reconsideration of its appointment of the Chapter 11 Trustee, mooting the motion to reconsider the denial of JDi's retention applications. [*Id.* at 32, ll. 3–12]. Even though the Bankruptcy Court determined that the retention issue was moot, the Court addressed the merits anyway.

The Bankruptcy Court began its merits analysis by pointing out (1) a DIP "has the burden to demonstrate that an applicant is qualified for employment" and (2) the Court has "wide discretion" to grant or deny the application. [*Id.* at 32–33, ll. 25–1, 10–11]. The Bankruptcy Court clarified and explained that it had denied Mr. Moffa's application because Mr. Moffa's pre-petition representation of JDi raised questions about whether the estate might have claims against him, and not because he had violated Rule 4-1.16(a). [*Id.* at 34-35, ll. 25–12]. Those questions, in turn, led the Bankruptcy Court to conclude that Mr. Moffa was not "disinterested, as is required under Section 327(a)," for approving the retention of professionals. [*Id.* at 35, ll. 11–12]. Finally, based on the extensive colloquy

3

conducted with Mr. Moffa at the April 5, 2023, hearing, the Bankruptcy Court "concluded that cause existed for the appointment of a Chapter 11 Trustee."[2] [*Id.* at 40, ll. 10–13]. The Bankruptcy Court, therefore, denied JDi's motion to reconsider its denial of the retention applications. [*Id.* at 40, ll. 16–21].

The issue on appeal is whether the Bankruptcy Court's denial of JDi's retention applications was an abuse of discretion, arbitrary and capricious, and/or a surprise. [*See* ECF No. 20 at 6]. Before this Court reaches that question, it must first determine whether JDi's conversion from Chapter 11 to Chapter 7 moots this appeal. Upon due consideration, the Court finds that it does. The appeal is, therefore, DISMISSED for the reasons given below.

## II.     DISCUSSION

### A.     Mootness doctrines.

Under Article III, § 2 of the U.S. Constitution, "a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Desert Fire Prot. v. Fontainebleau Las Vegas Holdings, LLC (In re Fontainebleau Las Vegas Holdings, LLC)*, 434 B.R. 716, 738 (S.D. Fla. 2010) (quoting *BankWest, Inc. v. Baker*, 446 F.3d 1358, 1364 (11th Cir. 2006)). Since federal courts are limited to deciding live cases and controversies, if the parties have no legally cognizable interest in the outcome of a case, or if there are no longer "live" issues, then the court lacks jurisdiction and must dismiss. "Article III requires that '[when] an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed.'" *In re Best Prods. Co.*, 68 F.3d 26, 30 (2d Cir. 1995) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9 (1992)). When considering whether a court has jurisdiction or is required to dismiss a case for mootness, the court considers the subsequent events and the facts

---

[2]     Bankruptcy Code § 1104(a) requires the appointment of a trustee for cause, which includes "fraud, dishonesty, incompetence, or gross management." [*See also id.* at 39, ll. 24–25].

4

existing at the present time, not at the time the complaint was filed.  *See Jews for Jesus, Inc. v. Hillsborough Cnty. Aviation Auth.*, 162 F.3d 627, 629 (11th Cir. 1998).

The doctrine of equitable mootness "permits courts sitting in bankruptcy appeals to dismiss challenges when … effective relief would be impossible." *Ullrich v. Welt (In re Nica Holdings, Inc.)*, 810 F.3d 781, 786 (11th Cir. 2015) (parentheticals omitted).  Thus, issues that are exclusive to one chapter of the Bankruptcy Code are generally moot upon conversion to another chapter.  *See In re No Rust Rebar, Inc.*, No. 21-12188-PDR, 2023 WL 3513256, at *4 (Bankr. S.D. Fla. May 17, 2023).  However, if the bankruptcy court can provide relief under the chapter to which the case is converted, then the court is entitled to do so.  *J.B. Lovell Corp. v. Carlisle Corp. (In re J.B. Lovell Corp.)*, 876 F.2d 96, 98 (11th Cir. 1989) (citing *Technical Fabricators, Inc. v. Lyman Steel Co., Inc. (In re Technical Fabricators)*, 65 B.R. 197, 199 (S.D. Ala. 1986)).

Regardless of whether the conversion is voluntary or involuntary or whether the appellant is the debtor or the creditor, conversion of a bankruptcy proceeding from one chapter of the Bankruptcy Code to another moots any appeal taken from the original proceeding because the factual predicates of the appeal are no longer relevant.  *See, e.g., In re Mendy*, No. 03-521, 02-16708, 2003 WL 22038392 at *3 (E.D. La. Aug. 20, 2003); *see also In re Campbell*, 36 F. App'x 388, 390 (10th Cir. 2002) (dismissing as moot appeal from Chapter 13 proceeding after conversion to Chapter 7); *In re Roller*, 999 F.2d 346 (8th Cir. 1993) (dismissing appeal in Chapter 12 proceeding after conversion to Chapter 7); *In re J.B. Lovell Corp.*, 876 F.2d 96 (11th Cir. 1989) (dismissing appeal from Chapter 7 proceeding after conversion to Chapter 11); *In re Klein*, 77 B.R. 203 (N.D. Ill. 1987) (same); *In re Technical Fabricators, Inc.*, 65 B.R. 197 (S.D. Ala. 1986) (same).

    **1.**    **This Appeal Is Moot.**

This Court "review[s] questions of mootness under a plenary standard of review." *Nyaga v. Ashcroft*, 323 F.3d 906, 912 (11th Cir. 2003) (per curiam).  The Trustee argues that JDi's appeal is moot

5

because JDi lost the power to retain professionals when the case was converted from Chapter 11 to Chapter 7.  [ECF No. 33 at 10–11].  Consequently, the relief JDi seeks in this appeal—the "overturning" of the Order denying the retention applications—is no longer available.  [*Id.*].  Only the Chapter 7 Trustee now has the power to retain professionals for the bankruptcy estate.  [*Id.* at 11].  In other words, because JDi is not entitled to—and because this Court cannot grant—the relief JDi seeks, the appeal is moot.

JDi counters the appeal is not moot because JDi had the power to retain professionals at the time the Bankruptcy Court denied its retention applications.  [ECF No. 38 at 8–9].  Thus, "JDi is entitled to the relief it seeks on appeal—reversing the denial of its applications to employ professionals while the debtor-in-possession operated as such."  [*Id.* at 5].[3]  Notably, JDi does not address the case law holding that conversion from one chapter of the Bankruptcy Code to another chapter typically moots appeals taken from the prior proceeding.  Instead, JDi simply "asserts" that Mr. Moffa and Mr. Heller "are entitled to an award of post-bankruptcy professional fees through the entry of an Order approving their employment by the Bankruptcy Estate."  [*Id.* at 7].  JDi also does not address the Trustee's argument that, because JDi is now a debtor *out*-of-possession, the relief it seeks cannot be granted.  Rather, JDi complains that the Bankruptcy Court denied it "a basic right—to employ professionals of its choice—which is not subject to mootness."  [*Id.* at 7].

In support of its position, JDi relies on two cases from the Fourth Circuit: *Harold & Williams Dev. Co. v. United States Trustee (In re Harold & Williams)*, 977 F.2d 906 (4th Cir. 1992) and *David v. King*, 653 B.R. 833 (E.D. Va. 2023).  Neither is availing.  *In re Harold & Williams*, the Fourth Circuit reversed the bankruptcy court's denial of the DIP's application to retain one person to serve as both legal

---

[3]  JDi also takes issue with the Trustee's "new" position that this appeal is moot when the appointment of a Chapter 11 Trustee also deprived JDi of its retention powers.  JDi is not correct on this point.  The Trustee raised mootness related to the appointment of a Chapter 11 Trustee in her opening brief.  [*See* ECF No. 24 at 11].

counsel and accountant. The bankruptcy court denied the dual-role application, and the district court affirmed. The Fourth Circuit reversed because the bankruptcy court failed to "evaluate the particular circumstances and exercise its discretion in reaching a decision, relying instead on what appear[ed] to be a *per se* rule" not to allow the same individual to serve as both legal counsel and accountant. *Id.* at 911.

Mootness was not a central question in *In re Harold & Williams*; in fact, the issue appears only in a footnote. The footnote records that the Fourth Circuit requested briefing on its jurisdiction since the bankruptcy court had approved the debtor's reorganization plan while the case was on appeal. The Trustee argued that the appeal was moot because plan confirmation obviated the need for court approval to retain professionals. The Fourth Circuit disagreed, explaining that

> the debtor used Jernigan's services as an accountant up until the time the bankruptcy court rendered its decision… and now desires to pay for those services out of a fund established in the reorganization plan for the disbursement of administrative claims for service to the former bankruptcy estate[.] … Considering the potential effect of the bankruptcy court's ruling on the debtor's ability to accomplish that expressed objective, *cf. In re Tidewater Memorial Hosp., Inc.,* 110 B.R. 221 (Bankr. E.D. Va. 1989) (holding that professionals may not be compensated for services performed without court approval of the § 327 application), we consider the controversy to be a live one.

*Id.* at 909 n.1.

*In re Harold & Williams* is clearly distinguishable from this one, because the debtor in that case remained a DIP and was still acting as a fiduciary for the estate. [ECF No. 33 at 15]. Consequently, "there was no dispute that the individual who filed the petition at issue in [*In re Harold &* ] *Williams* still served as a fiduciary of the bankruptcy estate at the time he sought to act on its behalf." [*Id.* quoting *David v. King,* 638 B.R. 561, 570 (E.D. Va. 2022)]. Also, *In re Harold & Williams* did not involve a conversion from Chapter 11 to Chapter 7. As mentioned above, conversion from one chapter of the Bankruptcy Code to another generally moots an appeal from the prior proceeding. *See, e.g., In re Campbell,* 36 F. App'x 388, 390 (10th Cir. 2002) (dismissing as moot appeal from Chapter 13

proceeding after conversion to Chapter 7); *In re J.B. Lovell Corp.*, 876 F.2d 96 (11th Cir. 1989) (dismissing appeal from Chapter 7 proceeding after conversion to Chapter 11).

Moreover, the accountant retained in *In re Harold & Williams* was *approved* by the bankruptcy court (just not for a "dual role"). Here, the Bankruptcy Court *denied* JDi's retention applications. JDi has not provided any authority that authorizes this Court to order payment to professionals out of a Chapter 7 estate when the bankruptcy court denied the applications in a Chapter 11 proceeding. Finally, to the extent that Messrs. Moffa or Heller continued to provide services to JDi after the Bankruptcy Court denied their employment, they cannot be paid for those services. *See In re Tidewater Mem'l Hosp., Inc.*, 110 B.R. 221, 225 (Bankr. E.D. Va. 1989) ("an attorney or other professional may not be compensated in a bankruptcy case unless appointed by order of the court") (citation omitted). Accordingly, *In re Harold & Williams* does not help JDi's cause.

The second case JDi relies on, *David v. King*, 653 B.R. 833 (E.D. Va. 2023), involved a *nunc pro tunc* order. In that case, the bankruptcy court approved a discharged Chapter 11 Trustee's application to employ a law firm after the case had been converted to Chapter 13. *Id.* at 835. On appeal to the district court, mootness was not addressed. Instead, the district court focused solely on whether "the bankruptcy court has the authority to approve, *nunc pro tunc*, a retention application for a former Chapter 11 trustee to employ professional persons on behalf of the bankruptcy estate, effective only for the Chapter 11 time period." *Id.* at 837. The district court held it did and affirmed. *Id.* at 842. The Fourth Circuit reversed, holding that "Section 327(a) does not authorize former trustees, following conversion, to file an after-the-fact application to employ professionals for the period they were trustees." *David v. King*, 109 4th 653, 667-68 (4th Cir. 2024).

The Fourth Circuit's decision and reasoning in *David v. King* supports the Bankruptcy Court's decision here. In this case, JDi is a debtor out-of-possession. Under section 327(a), only a "trustee" may apply to employ professionals to be paid from the bankruptcy estate. 11 U.S.C. §§ 327(a),

8

330(a)(1).[4] When this case was converted to Chapter 7, JDi lost trustee status. *See Lamie v. United States Trustee*, 540 U.S. 526, 532 (2004) (holding that the "appoint[ment of] an estate trustee" under Chapter 7 "terminate[s] [the debtor's] status as debtor-in-possession"). Thus, JDi's Chapter 7 conversion constitutes precisely the kind of event that makes the relief sought from the Chapter 11 proceedings unavailable. As a result, this appeal is moot. Accordingly, the Court **DISMISSES** this action.

### B. Standard of Review.

Even if the Chapter 7 conversion did not moot this appeal, the Bankruptcy Court did not abuse its discretion in denying JDi's applications.

Bankruptcy court retention orders are reviewed by the district court for abuse of discretion. *See Wholesalecars.com v. Leo*, 572 B.R. 367, 372 (N.D. Ala. 2017) (reviewing application to employ a professional under section 327) (citing cases). "A bankruptcy court abuses its discretion when it applies the wrong principle of law or makes clearly erroneous findings of fact." *Kulakowski v. Walton (In re Kulakowski)*, 735 F.3d 1296, 1299 (11th Cir. 2013). A review for clear error is done "with a serious thumb on the scale for the bankruptcy court." *U.S. Bank Nat. Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Village at Lakeridge, LLC*, 583 U.S. 387, 394 (2018). If the bankruptcy court's factual finding "is plausible in light of the record viewed in its entirety, the [district court] may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson v. City of Bessemer City*, 470 U.S 564, 574 (1985).

Under Bankruptcy Code Section 327 and Bankruptcy Rule 2014(a), the trustee, or a debtor-in-possession, has the burden to demonstrate that an applicant is qualified for employment. *In re*

---

[4] As DIP, JDi was allowed to apply for court permission to retain its preferred professionals. *See* 11 U.S.C. § 1107(a). JDi had no right to retain Mr. Moffa or Mr. Heller without court approval, and without court approval, Mr. Moffa and Mr. Heller cannot be paid. *In re Tidewater Memorial Hosp., Inc.*, 110 B.R. 221, 225 (Bankr. E.D. Va. 1989).

9

*Harold & Williams*, 977 F.2d at 910; *In re Bechuck*, 472 B.R. 371, 375 (Bankr. S.D. Tex 2012); and *In re Interwest Bus. Equip., Inc.*, 23 F.3d. 311, 318, (10th Cir. 1984).  Once the debtor-in-possession meets the burden of demonstrating that an applicant for professional employment is qualified under § 327, *see* Bankr. Rule 2014(a), the discretion of the bankruptcy court must be exercised in a way that it believes best serves the objectives of the bankruptcy system.  *In re Harold & Williams*, 977 F.2d at 910.  Among the ultimate considerations for the bankruptcy court in making these decisions must be the protection of the interests of the bankruptcy estate and its creditors, and the efficient, expeditious, and economical resolution of the bankruptcy proceeding.  *Cf. In re BH&P, Inc.,* 949 F.2d 1300, 1316 (3d Cir. 1991).

"[B]ankruptcy courts have been accorded wide discretion in regard to the terms and conditions of the engagement of professionals.  The bankruptcy judge is on the front line, in the best position to gauge the ongoing interplay of factors, and to make the delicate judgment calls which such a decision entails.  If he perceives a materially adverse interest, he has at his disposal many permissible remedies, including, but by no means limited to, disqualification." *Forizs and Dogli P.A. v. Siegle*, No. 8:12–cv–253–T–23, 2012 WL 4356266, at *2 (M.D. Fla. Sept. 24, 2012) (quoting *In re Martin*, 817 F.2d 175, 182–83 (1st Cir. 1987)); *in accord In re Interwest Bus. Equip., Inc.*, 23 F.3d. at 318.

1. <u>**The Bankruptcy Court Did Not Abuse Its Discretion**</u>.

In this case, after hearing from all the parties, especially Mr. Moffa, the Bankruptcy Court determined that JDi failed to meet its burden of demonstrating that Mr. Moffa was qualified to represent the debtor.  Questions surrounding Mr. Moffa's pre-petition representation of JDi, beginning ten (10) months before JDi filed for Chapter 11 protection, raised concerns for the Court over whether the estate might have a claim against Mr. Moffa in some capacity.  The Bankruptcy Court found that this adverse interest rendered Mr. Moffa not disinterested, as is required for approval of a retention application under Section 327(a).

Bankruptcy Code Section 327 permits a trustee or a debtor-in-possession exercising the powers of a trustee, with the Court's approval, to employ attorneys, accountants and other professionals that do hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under the Bankruptcy Code. A disinterested person is defined in Bankruptcy Code, Section 101.14, as a person that:

> (a) is not a creditor, an equity security holder, or an insider; (b) is not and was not, within two years before the date of filing of the petition, a director, officer, employee of the debtor; and (c) does not have an interest materially adverse to the interest of the estate, or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, in connection with, or interest in the debtor, or for any other reason.

11 U.S.C. § 101.14.

A court may deny compensation to professionals who are not disinterested persons. *Electro-Wire Prods., Inc. v. Sirote & Permutt, P.C. (In re Prince)*, 40 F.3d 356, 359 (11th Cir. 1994); *see also Denison v. Shipyard (In re New River Dry Dock, Inc.)*, 497 Fed. App'x 882, 886 (11th Cir. 2012). Section 328 of the Bankruptcy Code further provides:

> Except as provided in section 327(c), 327(e), or 1107(b) of this title, the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, at any time during such professional person's employment under section 327 or 1103 of this title, *such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate* with respect to the matter on which such professional person is employed.

11 U.S.C. § 328(c) (emphasis added). Although not unlimited, the Bankruptcy Court has great discretion in deciding whether to deny compensation under Section 328. *In re Prince*, 40 F.3d at 361; *In re Greater Blessed Assurance Apostolic Temple, Inc.*, 628 B.R. 554, 558 (Bankr. M.D. Fla. Mar. 24, 2021).

Here, the Bankruptcy Court based its finding that Mr. Moffa was not disinterested on undisputed facts disclosed by Mr. Moffa at the April 5, 2023, hearing, including the following:

- Mr. Moffa: "It was obvious that it, meaning the debtor, was using other people's money. I could not get them to do what I thought was right, which would have been

11

- to have Mr. DeRosa resign, which he finally did but, you know, the effort was there, Judge." [ECF No. 15 at 20, ll. 8–12].
- Mr. Moffa: "I couldn't stop the Ponzi scheme, and I'm not sure that's -- that not being able to stop it would somehow disqualify me." [*Id.* at 21, ll. 17, 18–19].
- Mr. Moffa: "As part of the work that we did, we prepared a trust agreement so that he, Mr. Joseph DeRosa, the alleged perpetrator of the Ponzi scheme, could have a trustee come in and manage the company, manage his stock, and he did an assignment of his stock to the trustee of the trust." [*Id.* at 22, ll. 13–17].
- Mr. Moffa's exchange with the Court: "The Court: Mr. Moffa, when did you first learn this debtor was operating a Ponzi 6 scheme?" "Mr. Moffa: I learned that it had operated a Ponzi scheme when I was hired." . . . "The Court: Hold on. Back in April 14 of 2022?" "Mr. Moffa: Yes. I didn't know it was a Ponzi scheme, but it certain -- basically it was suggested to me that they were using clients' funds to fund the operation. As, as I went on, I learned more and more, and it was -- I wasn't aware, but I should have probably at least inquired, and I did not, that they were continuing to use clients' funds. I think that the -- probably the precipitating factor of Mr. DeRosa going to Pulte to say that he was -- that their funds weren't there anymore, was the fact that he was getting low in funds, but I spent months trying to get him to file a bankruptcy case to get this away from him and stop the bleeding, and I couldn't convince him to resign until after Pulte filed its lawsuit." [*Id.* at 29, ll. 1–25].

The Bankruptcy Court also relied on Exhibit D to JDi's motion for reconsideration, consisting of time entries from Mr. Moffa's pre-petition work, which showed discussion regarding a Chief Restructuring Officer ("CRO") in May of 2022. While the Bankruptcy Court acknowledged that discussing a CRO is "usually a good idea," the Court pointed out that if the discussions were, however, "in relation to getting Mr. DeRosa out of management because he was committing a crime or engaging in fraud, then that is a problem." Tr. of Hr'g [ECF No. 16] at 38, ll. 11–14, *In re JDi Data Corp.*, No. 0:23-11322-SMG (S.D. Fla.). The Court also noted a June 2022 time entry that recorded preparing a draft response for "review by criminal counsel." *Id.* at 38, ll. 22. Then, in November 2022, the Court referenced a time entry referring to a "civil theft claim." *Id.*, ll. 23–24. With this factual record, the Bankruptcy Court concluded that JDi failed to meet its burden of showing that the retention applications should be approved. Because the Bankruptcy Court "could not find Mr. Moffa was disinterested," it "could not approve his employment." *Id.* at 39, ll. 7–8.

After reviewing the transcripts from the April 5, 2023, and May 10, 2023, hearings [ECF Nos. 15, 16], the parties' papers, and the relevant law, this Court concludes that the Bankruptcy Court acted well within its discretion in finding that Mr. Moffa was not disinterested (and therefore in denying his application). Given that JDi could not proceed without legal counsel, the Bankruptcy Court did not err in appointing a Chapter 11 Trustee, especially on these facts which "cried out" for an independent fiduciary. [ECF No. 16] at 39, ll. 17–18. Once the Chapter 11 Trustee was appointed, only the Chapter 11 Trustee had the power to seek court approval to employ professionals. Accordingly, there is no clear error of fact or law in this appeal.

### III.   CONCLUSION

After due consideration, the Court **AFFIRMS** the Bankruptcy Court's denial of JDi's applications, to the extent that this appeal has not been **MOOTED** by the Chapter 7 conversion. The *Clerk of Court* is directed to CLOSE this case. All pending motions are DENIED AS MOOT.

**DONE AND ORDERED** in the Southern District of Florida this 27th day of August, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record